Filed 10/15/13  P. v. Settle CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B247906 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA058455) |
| v. | |
| RICHARD ALLEN SETTLE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Christopher G. Estes, Judge.  Affirmed as modified.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Kenneth C. Byrne and Julie A. Harris, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After defendant Richard Settle pled no contest to a vandalism charge, the trial court sentenced him to a state prison term, ordered him to pay restitution to the victim, and assessed various fees. The court did not impose a restitution fine. However, the subsequent minute order and abstract of judgment reflected restitution and parole revocation restitution fines of $600 each. On appeal, Settle contends we should strike the restitution fines and order the trial court to correct the abstract of judgment. The People argue we should either remand the case to the trial court for it to determine whether to impose restitution fines, or impose the minimum allowable fine. We agree with appellant that the restitution fines must be stricken.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, the People charged Settle with one count of felony vandalism (Pen. Code, § 594, subd. (a)), one count of misdemeanor escape from arrest (Pen. Code, § 836.6, subd. (b)), and one misdemeanor count of being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). The People also alleged Settle had suffered two prior strikes and two prior prison terms (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b)). The People alleged Settle destroyed over $400 in kitchen equipment belonging to McDonalds.

Settle pled no contest to the vandalism charge and admitted one prior strike. The trial court sentenced Settle to a total state prison term of 32 months. The court ordered Settle to pay restitution of $650 to McDonalds. The court also imposed fees as follows: "$30 criminal conviction fee and $40 court security fee and ten dollars and submit palm prints and DNA testing pursuant to a stipulation and all restitution in the amount of $650 to [McDonalds] and victim restitution to be paid prior to the other fines and fees and will be a forthwith sentence . . . ." The court did not impose a restitution fine or corresponding parole revocation restitution fine. The People did not object. However, the subsequent minute order indicated the court imposed a $600 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), and a $600 parole restitution fine pursuant to Penal Code section 1202.45, which was stayed. The abstract of judgment reflected these restitution fines.

2

### The Restitution Fines Must Be Stricken

On appeal, Settle contends the restitution fines reflected in the abstract of judgment must be stricken because the court did not impose these fines in court. We agree. When the clerk's minute order and the abstract of judgment do not reflect the sentence pronounced in court, the court's oral pronouncement controls, and the abstract of judgment must be corrected accordingly. (*People v. Mesa* (1975) 14 Cal.3d 466, 471-472, superseded by statute on another ground as explained in *People v. Turner* (1998) 67 Cal.App.4th 1258, 1268; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-389 (*Zackery*).) Restitution fines that were not imposed in court may "not be simply added to the judgment later outside defendant's presence." (*Zackery,* at p. 389, fn. omitted.)

While the People agree the $600 fines in the abstract of judgment may not stand, they disagree that the opportunity to impose a restitution fine has passed. The People contend this court should remand the case to the trial court to allow it to exercise its discretion to impose a restitution fine, or state on the record reasons for not doing so. Alternatively, the People assert we should impose the minimum fine of $280, pursuant to Penal Code section 1202.4, subdivision (b), which requires the trial court to assess a restitution fine unless it "finds compelling and extraordinary reasons for not doing so, and states those reasons on the record."

Under the reasoning of *People v. Tillman* (2000) 22 Cal.4th 300 (*Tillman*), we agree with Settle that the fines must be stricken and we will not remand to the trial court for further proceedings. In *Tillman*, the trial court did not impose a restitution fine or state on the record reasons for not doing so. The California Supreme Court considered whether, on the People's request, the Court of Appeal may amend a trial court judgment to add restitution fines when the trial court omits them from the defendant's sentence, and the People fail to object in the trial court. The *Tillman* court "reasoned that the trial court's option to forego imposition of a restitution fine for 'compelling and extraordinary reasons' made the fine a discretionary sentencing choice subject to the waiver doctrine enunciated in *People v. Scott* (1994) 9 Cal.4th 331 and *People v. Welch* (1993) 5 Cal.4th

3

228 . . . . That is, an appellate court may not correct errors arising from the trial court's failure to make or articulate its discretionary sentencing choices if the complaining party—whether the defendant or the People—failed to object to the omission at trial. [Citation.]" (*People v. Moreno* (2003) 108 Cal.App.4th 1, 7-8 (*Moreno*).)

The People contend *Tillman* is inapposite because here, the trial court's failure to state reasons for not imposing a restitution fine rendered the sentence invalid and subject to correction. But the situation presented in this case is identical to the one presented in *Tillman*. As in *Tillman*, the trial court neither imposed a restitution fine nor stated reasons on the record explaining its actions. (*Tillman, supra*, 22 Cal.4th at pp. 302, 303.) The *Tillman* court concluded the error was the failure to state reasons for making a discretionary sentencing choice. The court rejected the People's argument that the omission was subject to correction by the Court of Appeal, even though the People did not object in the trial court. (*Ibid.*) Instead, the People's failure to object in the lower court waived further objection on appeal. Here, the People did not object in the trial court and therefore waived the objection. We are bound to follow *Tillman*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) We may not impose the fine in the first instance on appeal, or remand the case for further proceedings.

We disagree that *Zackery* requires a different result. In *Zackery*, the trial court failed to impose restitution fines and did not state any reasons for doing so on the record. After requesting supplemental briefing on this and other issues in response to a *Wende* brief,[1] the Court of Appeal remanded the case to the trial court to determine whether to impose restitution fines. However, *Zackery* did not consider waiver or *Tillman*. Decisions are not authority on propositions not considered. (*People v. Stone* (2009) 46 Cal.4th 131, 140.)

---

[1]     (*People v. Wende* (1979) 25 Cal.3d 436.)

We also disagree that we may remand the case or impose restitution fines under Penal Code section 1202.46. Section 1202.46 provides:

> "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."

Section 1202.46 "does not purport to define *when* a sentence is valid or invalid, it says only that a sentence that *is* invalid for lack of a restitution provision may be corrected at any time." (*Moreno, supra,* 108 Cal.App.4th at p. 10, italics in original.) *Tillman*, which was decided after the effective date of section 1202.46, concluded a sentence that omits a restitution fine is not invalid, even when the trial court fails to state its reasons on the record.

*Moreno* also fails to support the People's position. In *Moreno,* the court concluded it was permissible for the trial court to belatedly issue a restitution order after the original sentencing hearing. The court reasoned the failure to order any victim restitution rendered the sentence invalid, and correctable at any time under section 1202.46. (*Moreno,* at pp. 10-11.) This reasoning does not apply here. *Moreno* concerned a victim restitution order, not a restitution fine. An award of victim restitution is not a discretionary sentencing choice. (§ 1202.4, subd. (f) [court must order victim restitution in some amount]; *Moreno,* at p. 9.)

The restitution fine and corresponding parole revocation fine must be stricken.

## DISPOSITION

The trial court is ordered to correct its minutes from the sentencing hearing of February 14, 2013, and the abstract of judgment, by striking the references to the imposition of restitution and parole revocation fines.  The trial court is further ordered to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


BIGELOW, P. J.

We concur:


RUBIN, J.


FLIER, J.

6