Filed 12/12/13  P. v. Reese CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD MICHAEL REESE,<br><br>    Defendant and Appellant. | H039243<br>(Santa Clara County<br>Super. Ct. No. C1073140) |

Defendant Richard Michael Reese appeals from a victim-restitution order imposed two years after his original sentence.  He contends that the trial court (1) lacked jurisdiction to alter his original sentence, or (2) abused its discretion in ordering restitution.  We disagree and affirm the order.

BACKGROUND

On April 26, 2009, thieves stole a Bobcat tractor and attached trencher from McGuire & Hester Company.  On March 30, 2010, police officers executed a search warrant on defendant's storage unit and found the tractor-trencher among other stolen property and contraband.  Defendant told the police that he had purchased the tractor-trencher.  But he pleaded no contest to buying, receiving, concealing, selling, or withholding stolen special construction equipment (Pen. Code, § 496d)[1] and several other counts.  The trial court sentenced him to four years in prison.  At the sentencing hearing, it stated:  "[Y]ou are ordered to pay restitution as determined by the probation

_____

[1] Further unspecified statutory references are to the Penal Code.

department, parole department, or the department of corrections, and you have a right to a court hearing on the amount." Eighteen months later, the People filed a motion for a victim-restitution order. The motion asserted: "At the time of sentencing restitution was undetermined. The victim eventually contacted us regarding their stolen equipment and is requesting restitution. The stolen Bobcat and trencher were valued by the insurance company at $13,834.20 for both machines." Defendant opposed the motion on the principal ground that the evidence did not support that he caused the victim's loss given that his conviction was for possession of the property rather than theft of the property. The trial court granted the motion and explained: "Defendant, here, however admitted to the police that he had possession of the stolen Bobcat for approximately 1 year before his arrest . . . . Based on the date of loss of the Bobcat, that means defendant came into possession of the Bobcat when it was stolen, or very shortly thereafter. Defendant's possession of the Bobcat for that period of time was therefore a 'substantial factor' in the decrease in value of the Bobcat."

JURISDICTION

Victim restitution is mandated by the California Constitution, which provides in relevant part "[r]estitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss," unless compelling and extraordinary reasons exist to the contrary. (Cal. Const., art. I, § 28, subd. (b)(13)(B).) Section 1202.4, subdivision (f), implements the constitutional mandate of restitution for crime victims by specifying that a trial court "shall require that the defendant make restitution to the victim or victims [of the crime]" and must order "full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record." A sentence that fails to make an award of victim restitution is invalid. (*People v. Bernal* (2002) 101 Cal.App.4th 155, 164-165; *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751 (*Rowland*).)

Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."

Defendant contends that the trial court lacked jurisdiction to order victim restitution 18 months after judgment. There is no merit to the point.

Section 1202.46 clearly authorizes the trial court to impose victim restitution when the restitution amount has not been set (as is the case here) and the court did not initially find compelling and extraordinary reasons for not ordering restitution (again, as is the case here). The language indicating that the trial court "shall retain jurisdiction" is unqualified and there is therefore no need for a formal statement on the record. Further, the statute allows for the correction of a sentence at any time "due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4." In short, section 1202.46 expressly authorizes the delayed entry of a victim restitution order.

The court in *People v. Moreno* (2003) 108 Cal.App.4th 1, 7-10 (*Moreno*) reached a similar conclusion.

In *Moreno*, the trial court sentenced the defendant and included a $10,000 restitution fine payable to the state's victim restitution fund but did not order the defendant to pay restitution to the victim's family or expressly retain jurisdiction to make such an award. More than one and one-half years later (after the judgment was affirmed on appeal), the probation department asked the trial court to enter a restitution order

3

requiring the defendant to reimburse the state Victims of Crime Program for $4,346.35, which represented the amount it had paid to the victim's family for burial expenses. The trial court granted the request, and the defendant appealed. The court affirmed the trial court's order. In doing so, it rejected the defendant's arguments that the trial court's failure to make such an award or to reserve jurisdiction over the issue precluded it from making a subsequent order. (*Moreno*, *supra*, 108 Cal.App.4th at pp. 7-12.) It also concluded that section 1202.46 was not limited to circumstances in which the loss could not possibly be ascertained at sentencing. (*Moreno*, *supra*, at p. 10.) It pointed out that there is no provision for an " 'ascertainability' " determination and that the second part of section 1202.46 contained language indicating it is not circumscribed by the first sentence.[2] (*Moreno*, *supra*, at p. 10.) It concluded that the absence of a restitution award or an express reservation of jurisdiction over the issue rendered the original sentence invalid and thus subject to correction at any time. (*Ibid*., citing, inter alia, § 1202.46 & *People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.)

Other courts have similarly held that a sentence that awards no restitution, or less than full restitution, is invalid. (See *Rowland*, *supra*, 51 Cal.App.4th at p. 1751 [§ 1202.4 requires full restitution unless the court states clear and compelling reasons for a lesser award]; *People v. Bernal*, *supra*, 101 Cal.App.4th at pp. 164-165 [sentence that fails to award restitution or full restitution is invalid, citing *Rowland*]; *People v. Harvest* (2000) 84 Cal.App.4th 641, 645 [sentence initially included no provision for restitution, although the court reserved jurisdiction on the matter; taking up the issue and imposing a restitution order after the defendant's criminal appeal, was proper].)

---

[2] Defendant's premise that the trial court could have ascertained the amount of victim restitution at the time of sentencing (because the victim's insurance company had paid the victim $13,834.20 before judgment) may be true but is of no moment since no one directed the trial court's attention to the insurance company's payment.

4

Defendant alternatively contends that, because there is no evidence that he stole the Bobcat or trencher, no substantial evidence supports that the victim "suffered economic loss as a result of [his] conduct." (§ 1202.4, subd. (f).) We disagree.

We review the trial court's victim restitution order for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 653.) We draw all reasonable inferences in favor of the trial court's order and will affirm it if there is substantial evidence to support it. The statute does not require "any particular kind of proof" and "[n]o abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542-1543.)

For a defendant sentenced to prison, "[c]ourts have interpreted section 1202.4 as limiting restitution awards to those losses arising out of the criminal activity that formed the basis of the conviction." (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049; see also *People v. Lai* (2006) 138 Cal.App.4th 1227, 1247 [construing "criminal conduct" language in § 1202.4, subd. (f)].) California has "adopted the 'substantial factor' test in analyzing proximate cause." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321 (*Holmberg*); see also *People v. Jones* (2010) 187 Cal.App.4th 418, 425 [there is "no reason why the various principles involved in determining proximate causation . . . should not also apply in awarding victim restitution."].) This standard is " ' "relatively broad" ' " and requires " ' "only that the contribution of the individual cause be more than negligible or theoretical." ' " (*Holmberg*, *supra*, at p. 1321.) A force that plays only a theoretical or infinitesimal part of causing an injury or loss is not a substantial factor, but a minor force that causes harm or loss is a substantial factor. (*Id*. at p. 1322.)

In *Holmberg*, the defendant pleaded guilty to possession of stolen property and was ordered to pay victim restitution to the owners of the property. He argued that the restitution award was improper because the victims' losses were caused by the burglary and theft of the property rather than by his mere possession. The appellate court rejected this argument, noting that "there can be more than one cause of injury and that multiple

causes can combine to cause harm." (*Holmberg*, *supra*, 195 Cal.App.4th at p. 1322.) The court found it significant that the defendant had obtained the property on the day it was stolen. Because the defendant did not turn it over to the police, the "[d]efendant's conduct played far more than a negligible or theoretical part in bringing about the victims' injuries and was a substantial factor in causing the harm they suffered." (*Ibid*.)

Likewise, defendant's conduct here was a substantial factor in causing the victim's harm. Though we agree with defendant that there is no direct evidence in the record to support the trial court's conclusion that he obtained the property shortly after it was stolen, the point is of no moment. As defendant's plea highlights, defendant concealed the property "knowing the property to be stolen." (§ 496d.) The property is large, not-easily-concealed construction equipment. The inference is compelling that defendant concealed the property shortly after it was stolen rather than after a hiatus during which the property likely had to be initially concealed then exposed before being concealed a second time by defendant. And defendant necessarily failed to turn the property over to the police. This supports that defendant's conduct was a concurrent cause of the total loss due to the theft and a substantial factor in depriving the owner of the property. Defendant was free to defend the People's motion with evidence supporting that he obtained possession of the property long after the theft and argument that he was, therefore, not a substantial factor in causing the victim's harm.

## DISPOSITION

The order for restitution is affirmed.

_____
                                        Premo, J.

WE CONCUR:



_____
        Rushing, P.J.



_____
        Elia, J.