Filed 12/29/21  P. v. Battle CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NOAH BATTLE,<br><br>    Defendant and Appellant. | A161581<br><br>(Solano County<br>Super. Ct. No. FCR261974) |

Noah Battle appeals from a postjudgment order requiring him to pay $4,426.65 in restitution for his victim's medical and mental health counseling expenses.  (Pen. Code, §§ 1202.4, subd. (f), 1202.46.)  Battle argues the trial court lacked subject matter jurisdiction to award restitution because he had completed his prison sentence.  He also contends a portion of the victim's counseling expenses were not the result of his criminal conduct.

We disagree and affirm.[1]

---

[1] Undesignated statutory references are to the Penal Code.  We incorporate by reference our unpublished decision in Battle's appeal from the conviction, *People v. Battle* (Aug. 30, 2012, A132037, review den. Nov. 14, 2012, S205862).  By separate order filed this date, we deny Battle's petition for writ of habeas corpus (case No. A163852).

## BACKGROUND

In December 2008, Battle repeatedly stabbed his then girlfriend, Danielle W. — who was also the mother of his child — with a 10-inch knife while their baby was in the next room. Danielle bled profusely from stab wounds in her chest, throat, and ear. She was airlifted to a hospital; later she endured several surgeries. After the incident, Danielle received speech and physical therapy. A portion of her face is permanently paralyzed.

In 2010, a jury convicted Battle of corporal injury to a spouse or cohabitant and assault with a deadly weapon by means likely to produce great bodily injury. The jury also found true a great bodily injury enhancement. The trial court sentenced Battle to 10 years in state prison and reserved jurisdiction over restitution. This court affirmed the conviction. (*People v. Battle*, *supra*, A132037.) Battle was released from prison in 2018.

In November 2019, the prosecution moved to "order or modify restitution" pursuant to section 1202.46. The prosecution asserted the California Victim Compensation Board (Board) paid $4,426.65 for medical and mental health counseling expenses incurred by Danielle from 2012 to 2019. Of that amount, $3,969 was for counseling sessions conducted in 2012, and from 2015 to 2019.

Defense counsel requested — and received — several continuances to prepare for the restitution hearing. At the December 2020 hearing, the trial court admitted certified copies of bills submitted to, and paid by, the Board on Danielle's behalf for her medical and mental health counseling expenses. Defense counsel did not object to the court's jurisdiction, nor offer any evidence. Instead, counsel argued the counseling sessions held from 2015 to 2019 were not "reasonably related to the underlining [*sic*] offense because they're so distant in time to when the incident occurred." The prosecutor

2

responded by noting the certified copies created a presumption the charges were reasonably related to Battle's criminal conduct. Additionally, the prosecutor argued Danielle suffered "trauma" from the "domestic violence incident," and that when Battle was released from custody in 2018, Danielle experienced further trauma and needed additional mental health counseling.

The trial court ordered Battle to pay restitution of $4,426.65 to the Board. It determined the evidence created a presumption the expenses were "related" to the offenses and that Battle had failed to rebut the presumption. The court continued "to maintain jurisdiction over restitution."

## DISCUSSION

### I.

The California Constitution and section 1202.4 mandate an award of victim restitution " 'in every case . . . in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' " (*People v. Giordano* (2007) 42 Cal.4th 644, 652; *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751.) "The only discretion retained by the trial court in this regard is in fixing the amount of the award." (*Rowland*, at p. 1751.) The purpose of such restitution "is to reimburse the victim for economic losses caused by the defendant's criminal conduct, i.e., to make the victim reasonably whole." (*People v. Guillen* (2013) 218 Cal.App.4th 975, 984; § 1202.4, subd. (f)(3).)

When a victim's economic losses cannot be ascertained at the time of sentencing, the trial court retains "jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (§§ 1202.46, 1202.4, subd. (f)(1); *People v. Moreno* (2003) 108 Cal.App.4th 1, 3 [upholding restitution order issued after judgment was entered and affirmed on appeal].) There "is no

3

express statute of limitation on the matter of victim restitution." (*People v. Harvest* (2000) 84 Cal.App.4th 641, 652.)

Battle asserts the trial court lacked subject matter jurisdiction to order restitution after he completed his prison sentence.[2] This argument is foreclosed by our decision in *People v. Bufford* (2007) 146 Cal.App.4th 966 (*Bufford*). In *Bufford*, the trial court sentenced the defendant to state prison and ordered her to pay restitution to the victim's family in amount "to be determined by subsequent court order." (*Id.* at p. 968.) The court began the restitution hearing, but due to continuance requests and delays, did not complete it until the defendant's "sentence was fully served." (*Id.* at p. 969.)

On appeal, the defendant argued "the trial court lost jurisdiction to order restitution, because she fully served her sentence before the final restitution hearing was held." (*Bufford, supra*, 146 Cal.App.4th at p. 970.) We disagreed. We held that when a trial "court cannot determine the amount of restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the permissible reasons that may prevent fixing the amount of restitution." (*Id.* at p. 971.) We also held a trial court retains jurisdiction under section 1202.46 " 'until such time as the [victim's] losses may be determined.'" (*Bufford*, at p. 970.)

---

[2] "A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case. [Citation.] If a court lacks such ' "fundamental" ' jurisdiction, its ruling is void. [Citation.] A claim based on a lack of fundamental jurisdiction may be raised for the first time on appeal." (*People v. Ford* (2015) 61 Cal.4th 282, 286.) A trial court's authority to order restitution is an issue of law we review independently. (*In re S.O.* (2018) 24 Cal.App.5th 1094, 1098.)

The same is true here.  It is undisputed the trial court reserved jurisdiction over restitution when Battle was sentenced, and that Danielle's economic losses could not be ascertained at the time of sentencing.  As in *Bufford*, the prosecution sought an order fixing the amount of restitution when Danielle's losses were able to "be determined." (§ 1202.46.)  Under *Bufford* and sections 1202.4 and 1202.46, the court retained jurisdiction to order restitution notwithstanding Battle's release from custody.

Battle's cursory attempt to distinguish *Bufford* is unpersuasive, and his reliance on *People v. Waters* (2015) 241 Cal.App.4th 822 is unavailing.  At issue in *Waters* was a restitution award imposed after the defendant completed probation.  A division of this court held section 1203.3 "limits the trial court's authority to modify the conditions of a defendant's probation, including the defendant's restitution obligations, to the probationary period." (*Waters*, at pp. 829–830.)  Accordingly, *Waters* concluded "the trial court exceeded its authority by ordering victim restitution after the conclusion of probation." (*Id.* at p. 831.)  Neither *Waters* nor section 1203.3 has any bearing here as Battle was sentenced to state prison, not placed on probation.

Battle also suggests the restitution award violates his federal constitutional right to due process.  In *Bufford*, this court rejected an identical argument and, having not been persuaded otherwise, we reach the same conclusion. (*Bufford, supra*, 146 Cal.App.4th at p. 971.)  Battle asserts "restitution awards must comport with the Fourteenth Amendment's due process requirements," but he does not articulate how the alleged "late timing" of the restitution order violates his due process rights.  We are "not required to examine undeveloped claims" or "make arguments for parties" (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106), and we will not

consider new arguments raised for the first time in Battle's reply brief. (*People v. Oneal* (2021) 64 Cal.App.5th 581, 592 & fn. 6.)

In sum, we conclude the trial court retained jurisdiction to order Battle to pay victim restitution.

## II.

" 'A victim's restitution right is to be broadly and liberally construed.' " (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.) Crime victims are entitled to restitution for "economic loss incurred as the result of the defendant's criminal conduct," including "[m]edical expenses" and "[m]ental health counseling expenses." (§ 1202.4, subd. (f)(3)(B), (C).) When — as here — the "Restitution Fund has provided assistance to or on behalf of a victim . . . the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered." (*Id.*, subd. (f)(4)(A); *In re S.E.* (2020) 46 Cal.App.5th 795, 810–811.)

"The amount of assistance provided by the Restitution Fund shall be established by copies of bills submitted to the . . . Board reflecting the amount paid by the [B]oard and whether the services for which payment was made were for medical . . . expenses, . . . [or] mental health counseling . . . . Certified copies of these bills provided by the [B]oard . . . together with a statement made under penalty of perjury by the custodian of records that those bills were submitted to and were paid by the [B]oard, shall be sufficient to meet this requirement." (§ 1202.4, subd. (f)(4)(B).) To overcome the "presumption that the assistance given the victim was 'a direct result of the defendant's criminal conduct,' a defendant must prove that his criminal conduct played, *at most*, ' " 'only an "infinitesimal" or "theoretical" part in bringing about' " ' the injury." (*People v. Lockwood* (2013) 214 Cal.App.4th

6

91, 103; § 1202.4, subd. (f)(4)(C) [describing procedure when "defendant offers evidence to rebut the presumption"].)

Battle has not carried "his burden of refutation." (*In re S.E.*, *supra*, 46 Cal.App.5th at p. 811, fn. omitted.) He offered no evidence at the restitution hearing. Instead, he asserted the amounts incurred for Danielle's counseling sessions between 2015 to 2019 did not "result from" the crimes, which had occurred several years earlier. This is "nothing more than speculation." (*Id.* at p. 811, fn. 9.) On this record, the trial court could reasonably conclude Battle's act of stabbing Danielle within an inch of her life caused lasting psychological harm, harm that necessitated extensive mental health counseling. The court was therefore within its discretion to conclude Battle's vicious attack "played more than an infinitesimal or theoretical part in the emotional or mental injuries for which [Danielle] was treated." (*People v. Lockwood*, *supra*, 214 Cal.App.4th at p. 104 [victim's suicide attempt and hospitalization five months after physical altercation with the defendant were a direct result of the altercation].)

We conclude the trial court did not abuse its discretion in ordering Battle to pay victim restitution of $4,426.65. "The trial court's finding was rational, well reasoned, based on factual evidence presented at the hearing, and within its broad discretion." (*People v. Mearns* (2002) 97 Cal.App.4th 493, 502.)

## DISPOSITION

The December 8, 2020 restitution order is affirmed.

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.

A161581