Filed 1/22/26  P. v. Salgado CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ISMAEL FIGUEROA SALGADO,<br><br>　　Defendant and Appellant. | G064232<br><br>(Super. Ct. No. 18CF2175)<br><br>O P I N I O N |

　　　　　Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed as modified in part, vacated in part, and remanded with directions.

　　　　　Kessler & Seecof, and Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel

Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

After a jury convicted Ismael Figueroa Salgado of one count of kidnapping to commit a sex offense and five counts of forcible rape, he was sentenced to 25-years-to-life on one of the forcible rape counts, plus concurrent life terms on the remaining counts. The trial court also dismissed all fines and fees, although the abstract of judgment shows imposition of two $200 restitution fines. Salgado appeals, contending his sentence on the kidnapping to commit a sex offense count should be stayed because that count and the forcible rape count constituted a single criminal act. Respondent agrees. We accept respondent's concession. Salgado also contends the abstract of judgment should be corrected to reflect that no restitution fines were imposed. Respondent disagrees and argues the dismissal of the fines was unauthorized. We conclude respondent forfeited this sentencing challenge. Accordingly, we affirm the convictions, and remand for the court to stay the sentence on the kidnapping count and correct the abstract of judgment to reflect that no restitution fines were imposed.

STATEMENT OF THE CASE

On October 31, 2018, the Orange County District Attorney filed an information charging Salgado and codefendant Jose Plascencia, in count 1, with kidnapping to commit a sex offense in violation of Penal Code section 209, subdivision (b)(1),[1] and in counts 2 through 6, with forcible rape in violation of section 261, subdivision (a)(2). As to each of the forcible rape

---

[1] All further statutory references are to the Penal Code.

2

counts, it also alleged that Salgado kidnapped the victim within the meaning of section 667.61, subdivisions (a) and (d)(2).

On February 1, 2024, a jury found Salgado guilty as charged, and found true the kidnapping allegations in counts 2 through 6.

At the May 10, 2024 sentencing hearing, the trial court designated count 2 (forcible rape) as the principal count, and imposed a term of 25-years-to-life on that count. It imposed a concurrent life term for count 1 (kidnapping to commit a sex offense), and concurrent 25-years-to-life terms on the remaining forcible rape counts. As to fines and fees, after confirming with the prosecutor that she had no position on the defense's request to suspend the fines and fees for inability to pay, the court dismissed rather than suspended all fines and fees for "good cause."

STATEMENT OF THE FACTS

Because Salgado raises only sentencing issues on appeal, we summarize the facts in the light most favorable to the jury's verdict.

The victim testified that when she was 11 years old, she and her 13-year-old friend were walking when Salgado and Plascencia drove by and asked if the girls wanted a ride. After initially refusing, the girls agreed. About 10 minutes later, the victim's friend stated she wanted to get out. Salgado stopped the vehicle and the victim's friend exited. When the victim tried to follow, Salgado and Plascencia pulled her back into the car. As Salgado drove away, he told the victim they were going to rape her.

Salgado drove to a gas station to fill up before driving to the empty school parking lot across the street from the gas station. There, Salgado raped her twice and Plascencia once. Salgado then drove towards a nearby high school and parked the car in a nearby secluded area between two houses. The two men took turns raping her again. Later, they dropped her off

3

at a location which coincidentally was near her grandmother's house. The victim ran to her grandmother's house, and eventually reported the kidnapping and rapes to the police.

DISCUSSION

I.

STAY OF PUNISHMENT UNDER SECTION 209, SUBDIVISION (D)

Section 209 subdivision (d) provides: "A person may be charged with a violation of subdivision (b) [of Section 209] and Section 667.61. However, a person may not be punished under subdivision (b) and Section 667.61 for the *same act* that constitutes a violation of both subdivision (b) and Section 667.61." (Empasis added.) Salgado was convicted of violating section 209, subdivision (b)(1) [kidnapping to commit a sex offense] and forcible rapes with the allegation that he violated section 667.61, subdivisions (a) and (d)(2) by kidnapping the victim. He contends the punishment for the kidnapping-to-commit-a-sex-offense conviction should be stayed because it is based on the same act as the kidnapping enhancement. Respondent agrees, and we accept the concession.

*People v. Adams* (2018) 28 Cal.App.5th 170 is instructive on when section 209, subdivision (d) applies. There, Adams and a codefendant kidnapped the victim. During the kidnapping, they raped her repeatedly. (*Adams,* at pp. 175–176.) A jury convicted Adams of, among other crimes, kidnapping to commit another crime in violation of section 209, subdivision (b)(1) and forcible rape while acting in concert. As to the latter, the jury also found true the allegation that Adams kidnapped the victim within the meaning of section 667.61 subdivision (d). (*Adams,* at p. 186–187.) The appellate court concluded there was "a common act occurring against a single victim on the same day which violates section 209, subdivision (b) and section

4

667.61." (*Id.*, at p. 194.) That act was kidnapping the victim to commit a sex offense, which constituted "a violation of both section 209, subdivision (b) and section 667.61. Therefore, pursuant to section 209, subdivision (d), the trial court was required to stay the punishment on count 4, kidnapping to commit rape or oral copulation." (*Ibid.* ) Here, Salgado kidnapped the victim to commit a sex offense, and this act formed the basis for his convictions. Additionally, because the victim was not released until after she was dropped off near her grandmother's house, there was only one kidnapping offense. (See *People v. Thomas* (1994) 26 Cal.App.4th 1328, 1334 ["'[T]he forcible detention of a victim is an element of kidnaping and as long as the detention continues, the crime continues'"].) Thus, there was a single common act, and the punishment on count 1 (kidnapping to commit a sex offense) must be stayed.

## II.

### RESTITUTION FINES

As noted, at the sentencing hearing the trial court expressly dismissed all fines and fees in the interest of justice. The abstract of judgment, however, reflects the imposition of a restitution fine in the amount of $200 under section 1202.4, subdivision (b) and a suspended parole revocation restitution fine of $200 under section 1202.45.

Salgado contends the abstract of judgment should be corrected to reflect the trial court's oral pronouncement of judgment that no restitution fines were imposed. We agree. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of

5

sentence, those fines must be stricken from the minutes and the abstract of judgment." (*People v. El* (2021) 65 Cal.App.5th 963, 967.)

Respondent argues the restitution fines are mandatory, and the trial court must impose them unless "it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) Respondent notes the trial court did not provide any compelling or extraordinary reasons on the record, and the only referenced reason was defendant's inability to pay, which is not a compelling and extraordinary reason to not impose a restitution fine. (§ 1202.4, subd. (d).) Respondent requests we correct the abstract to impose the minimum restitution fines, or remand the matter to the court for the limited purpose of either imposing the fines or stating extraordinary and compelling reasons for not imposing the fines. We decline to do so. As stated in *People v. Tillman* (2000) 22 Cal.4th 300, because the district attorney failed to object to the court's omission of a statement of extraordinary and compelling reasons, "the waiver doctrine bars the People from obtaining the relief they seek on appeal." (*Id.* at p. 302.) Thus, respondent cannot challenge the court's failure to impose restitution fines in this appeal.[2]

---

[2] We take no position on whether section 1202.46 would permit the district attorney or the victim to request a correction of the sentence after the matter is remanded. (See §1202.46 [Nothing in this section shall be construed as prohibiting "a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4"]; *People v. Moreno* (2003) 108 Cal.App.4th 1, 10 ["[T]the court is not barred from correcting the invalid sentence simply because the prosecutor failed to object when it was imposed"], but see *People v. King* (2022) 77 Cal.App.5th 629, 637 ["The [invalid sentence] doctrine does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence"].)

DISPOSITION

The matter is remanded for the trial court to stay the sentence on count 1 (kidnapping to commit a sex offense), and to correct the abstract of judgment to reflect that no restitution fines were imposed. Once the judgment is amended, the court is directed to forward a certified copy to the Department of Corrections and Rehabilitation.  As amended, the judgment is affirmed.


DELANEY, J.


WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.