[No. A108741. First Dist., Div. Three. Jan. 12, 2007.]

THE PEOPLE, Plaintiff and Appellant, v.
ANGELA BUFFORD, Defendant and Respondent.

COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Appellant.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

SIGGINS, J.—The People appeal an order denying their motion to set the amount of victim restitution payable by defendant Angela Bufford. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, defendant and several codefendants were charged with multiple offenses involving elderly victims. The trial court dismissed three of the counts, and the People appealed. In February 2000, while the appeal was pending, defendant pled guilty to one count of elder theft from alleged victim Richard Nelson. When it took the plea, the court made clear that a restitution order would be specific to Mr. Nelson and not to a specific count of the 96-count indictment. Defendant's counsel replied, "I understand that restitution will be specific to alleged victim Richard Nelson and we understand that we're entitled to a hearing on that and we will be submitting arguments to your Honor at a restitution hearing as to why my client should or should not pay all, some or none of the amounts related to him."[1]

Defendant was sentenced to four years in prison, with 1,297 days' credit. She was also ordered to make restitution to the victim's family, with the amount to be determined by subsequent court order. The court stated: "[Defendant] is also to make restitution to the family of Richard Nelson, which under Penal Code Section 1202.4(f) I find cannot be ascertained today and therefore shall be subject to further court order . . . . [¶] . . . If you're unable to [agree on the amount of restitution] then the matter is set for hearing on May 12, 2000 at nine o'clock in this department and the parties are to submit such brief submissions as you think would be necessary to

---

[1] Defendant acknowledges this was an effective waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

educate me. You don't have to tell me the law of restitution, I know it. I'm concerned about the amounts of restitution."

At the May 12, 2000, hearing, the prosecutor calculated the loss to the victim at $24,400, plus the value of a vehicle purchased in defendant's name. When the prosecutor asked the court to have defendant convey title to the vehicle, defendant objected and requested a hearing to set restitution. Defense counsel requested that the hearing be put over until "after Ms. Bufford gets out," but the court scheduled it for her last day in custody and ordered the People to give defense counsel a written calculation of the amount owing two weeks beforehand.

The restitution hearing was thereafter repeatedly continued, as the parties disputed whether the plea bargain took into account the charges involved in the pending appeal, and defense counsel stated that in the circumstances his client would assert a privilege against self-incrimination at any restitution hearing. The court acknowledged that issues concerning the charges that were involved in the pending appeal could affect the finality of defendant's plea, and therefore declined to conduct a restitution hearing until the remaining counts were resolved.

In December 2001, this court reinstated the dismissed charges against defendant. (*People v. Steiner* (Dec. 20, 2001, A088431) [nonpub. opn.].) In July 2004, the People moved to dismiss those charges, but specifically reserved the right to "recalendar" the restitution hearing.

The parties next appeared on August 19, 2004, when the prosecution again sought to determine restitution. Defendant objected on the grounds that the trial court no longer had jurisdiction over her to order restitution because her sentence was fully served. The court ordered briefing and put the matter over until September.

In September 2004, the court heard the People's motion to set and impose restitution. Defendant argued that the trial court had lost jurisdiction as a result of the passage of time and defendant's completion of her sentence. The trial court denied the People's motion. This appeal followed.

## DISCUSSION

Article I, section 28 was added to the California Constitution by initiative measure adopted by the voters June 8, 1982. Subdivision (b) provides, in part, "that all persons who suffer losses as a result of criminal activity shall have the right to restitution" and that "[r]estitution shall be ordered from the convicted persons in every case, regardless of the sentence

or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section."

Implementing legislation was added to Penal Code section 1202.4[2] that now provides, in relevant part that "the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record." (§ 1202.4, subd. (f).)

Defendant claims that during a hearing related to sentencing, the court stated that she was required to make restitution, but did not actually order her to do so. But the record of her sentencing hearing states otherwise. When it sentenced defendant, the court stated, "She is also to make restitution to the family of Richard Nelson . . . ," and that the determination of the amount was properly deferred for subsequent determination pursuant to section 1202.4, subdivision (f).[3]

Defendant argues the trial court lost jurisdiction to order restitution, because she fully served her sentence before the final restitution hearing was held. Her argument is without merit. Section 1202.46 specifically provides that "when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."[4] (See *People v. Moreno* (2003) 108 Cal.App.4th 1, 8–12 [132 Cal.Rptr.2d 918]; *People v. Bernal* (2002) 101 Cal.App.4th 155, 164–165 [123 Cal.Rptr.2d 622]; *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751 [60 Cal.Rptr.2d 351].)

---

[2] All further statutory references are to the Penal Code.

[3] Defendant also states that the People failed to provide her a written explanation of the amount of restitution they were seeking, as ordered by the sentencing court, but she does not claim to have been prejudiced thereby.

[4] Section 1203.3 does not apply in this case, because defendant was not placed on probation. Nor does an award of victim restitution constitute punishment for double jeopardy purposes. (*People v. Harvest* (2000) 84 Cal.App.4th 641, 650 [101 Cal.Rptr.2d 135].)

The trial court was troubled that a restitution hearing did not go forward before September 2004, in spite of the issues surrounding the effect the appeal could have on defendant's plea and her stated intention to invoke her right not to testify at any restitution hearing. The court determined that since the People were capable of ascertaining an amount of restitution at an earlier time in the case, it was incumbent upon the prosecution to seek an award and place the burden upon defendant to oppose it rather than wait. The trial court read section 1202.4 to allow deferral of an order fixing the amount of restitution only when the amount cannot be economically determined, and not for other reasons. We do not read section 1202.4 so narrowly.

■ Section 1202.4, subdivision (f) provides that, "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." Under a reading of the plain language of section 1202.4, if the court cannot determine the amount of restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the permissible reasons that may prevent fixing the amount of restitution. Here, the prosecution sought repeatedly to fix the amount of restitution, but defendant sought a restitution hearing and objected to holding that hearing until such time as other charges against her were resolved.

Article I, section 28, subdivision (b) of the California Constitution provides that, "Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." We are not willing to read section 1202.4 so narrowly that restitution may not be awarded in this case. To do so would frustrate the clear language of article I, section 28.

We also disagree with defendant's argument that if the court lost jurisdiction to award restitution in this case, her victim could pursue a civil remedy. When, as here, a trial court has ordered the defendant to make restitution but has not fixed the amount, there is no incentive for the victim to prosecute a civil action. Nor should a victim in such circumstances be put to the trouble and expense of seeking redress through civil litigation with the accompanying uncertainty of recovery in light of possible defenses such as expiration of the statute of limitations. Were we to agree with defendant's argument on this point we would be substituting the uncertain prospect of a civil recovery for the victim's constitutional "right to restitution." We decline to do so.

■ Defendant's argument that her right to due process precluded restitution proceedings because she had completed her sentence is also unpersuasive. The trial court ordered victim restitution at the time of sentencing, and

followed the statutory procedure that permits determination of the amount of loss at a later hearing. (See §§1202.4, subd. (f), 1202.46.) The People properly moved to determine the amount of restitution payable pursuant to the mandatory statutory framework, as soon as possible following dismissal of related charges, in light of defendant's demand for a hearing and her refusal to testify, and there has been no finding of compelling and extraordinary reasons to depart from the statutory framework.

## DISPOSITION

The order denying the People's motion to set the amount of restitution is reversed and the case is remanded.

McGuiness, P. J., and Parrilli, J., concurred.

A petition for a rehearing was denied February 6, 2007, and on January 22, 2007, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied April 11, 2007, S150295. George, C. J., did not participate therein.