Filed 7/17/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM J. FORD,<br><br>          Defendant and Appellant. | A135733<br><br>(Sonoma County<br>Super. Ct. No. SCR-530837) |

William Ford appeals from an order awarding victim restitution. He contends the court lost jurisdiction to award restitution when his probation term expired nine days earlier. We disagree. The court's retention of jurisdiction to determine and award victim restitution was permissible under Penal Code sections 1202.4 and 1202.46[1] irrespective of the expiration of Mr. Ford's probation.
We therefore affirm.

**BACKGROUND**

Ford severely injured Elaine Jennings in a hit and run accident in 2008. Following his no contest plea to leaving the scene of an accident, he was placed on three years' probation and ordered to pay $12,465.88 in restitution for Jennings's medical expenses. Ford's probation officer advised the court that Jennings also sought over $36,000 restitution for lost wages. Ford's counsel expressed his intent to request a hearing on the amount of restitution. The court expressly reserved jurisdiction to determine the amount of additional restitution.

---

[1] All further statutory references are to the Penal Code.

On May 7, 2010, the probation department notified Ford that he owed Jennings $211,000 in victim restitution.[2]  Ford requested a hearing.  The hearing was initially set for August 3, but there followed a series of delays and continuances during which Ford's probation was extended several times.  The restitution hearing was finally held on January 27, March 1, and April 6, 2012.  On April 6, defense counsel made a limited appearance to contest jurisdiction because Ford's probation term had expired on March 30.  The People asserted the court retained jurisdiction over restitution under section 1202.46 "unless and until the amount of restitution owing the victim can be determined."  Following additional briefing on the jurisdictional issue, the court ruled it had jurisdiction to award restitution under section 1202.4.  "This was not just a condition of probation, it was a restitution order, the Court reserving jurisdiction to determine the amount."  Ford was ordered to pay Jennings restitution in the amount of $275,017.

This timely appeal followed.

## DISCUSSION

Ford contends the restitution award was a condition of his probation, and therefore that the court had no jurisdiction to alter it once his probation term expired.   His contention is without merit.

We had occasion to address a closely related issue in *People v. Bufford* (2007) 146 Cal.App.4th 966*,* in which we held the trial court retained jurisdiction to adjudicate restitution following a defendant's completion of her prison sentence.  We explained why California's restitution scheme, embodied in our Constitution and statutes, mandates this result:

"Article I, section 28 was added to the California Constitution by initiative measure adopted by the voters June 8, 1982.  Subdivision (b) provides, in part, 'that all persons who suffer losses as a result of criminal activity shall have the right to restitution' and that '[r]estitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss,

---

[2] This amount included substantial lost earnings and additional medical expenses.

2

unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section.' [¶] Implementing legislation was added to Penal Code section 1202.4 that now provides, in relevant part that 'the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. . . . .' (§ 1202.4, subd. (f).)" (*People v. Bufford, supra,* 146 Cal.App.4th at pp. 969-970; see also *People v. Giordano* (2007) 42 Cal.4th 644, 651-653 [outlining legislative history].)

The Legislature also made it clear that the trial court retains jurisdiction to impose or modify a restitution award until the appropriate amount can be ascertained. "Section 1202.46 specifically provides that 'when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution *until such time as the losses may be determined.*' " (*People v. Bufford, supra,* 146 Cal.App.4th at p. 970, italics added.)

In *Bufford* we held that these provisions mean exactly what they say and that the completion of a prison term was irrelevant to the court's ability to exercise jurisdiction. "Under a reading of the plain language of section 1202.4, if the court cannot determine the amount of restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing. . . ." (*People v. Bufford, supra,* 146 Cal.App.4th at p. 971, italics added.) We also observed that an interpretation that would terminate the court's ability to adjudicate restitution upon completion of the defendant's prison term conflicts with the constitutional directive that, absent "compelling and extraordinary circumstances," restitution must be ordered whenever a crime victim suffers a loss, regardless of the sentence or disposition. We said: "We are not willing to read section 1202.4 so narrowly that restitution may not be awarded in this case. To do so would frustrate the clear language of article I, section 28." (*Ibid*.) The same reasoning applies

3

here, and the court retained jurisdiction to award additional restitution without regard to the expiration of Ford's probation.

Ford attempts to distinguish *Bufford* on the ground that the defendant there was sentenced to prison, not probation, but nothing in sections 1202.4 or 1202.46 supports that distinction. To the contrary, section 1202.4, subdivision (f) expressly provides that the trial court retains jurisdiction to award or modify restitution "until such time as the losses may be determined." The Legislature made no distinction between defendants sentenced to prison terms and those granted probation.

Ford maintains the difference is nonetheless meaningful because "where probation has been granted, restitution is no longer a sentencing issue, but rather becomes a condition of probation." Therefore, he argues, the court's power to modify restitution awards in probation cases is controlled exclusively by section 1203.3, which concerns the court's power to revoke, modify, or terminate probation orders during a probationary term. We disagree. Initially enacted in 1937, section 1203.3 was amended in 2000 to specify that "Nothing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of section 1202.4 *at any time during the term of the probation*." (§ 1203.3, subd. (b)(5), italics added; see Historical and Statutory Notes, 50D West's Ann. Pen. Code (2004 ed.) foll. § 1203.3, p. 534.) Ford says this concluding phrase of subdivision (f) means the court *is* prohibited from modifying the amount of restitution *after* probation ends, but subdivision (b)(5) neither says so nor, in view of section 1204.46's contrary directive, can it be applied to encompass that meaning. Subdivision (b)(5) is permissive, not restrictive. It takes nothing away from the court's authority to award restitution under section 1204.4.

Ford makes much of our footnote in *Bufford* that states: "[s]ection 1203.3 does not apply in this case, because defendant was not placed on probation" (*People v. Bufford, supra,* 146 Cal.App.4th at p. 970, fn. 4), and suggests we thereby meant to imply that section 1203.3 would have applied had the defendant been given probation instead of a sentence to state prison. Not so, and so what? We identified section 1203.3 merely to clarify that it did not apply, and it is fundamental that an opinion is only authority for

4

" ' "the points actually involved and actually decided." ' " (*People v. Knoller* (2007) 41 Cal.4th 139, 155.)  As explained above, section 1203.3 does not limit the jurisdiction delineated by sections 1204.4 and 1204.46.

We therefore hold the trial court had jurisdiction to award restitution under section 1204.4 when it awarded Jennings the full amount of economic losses she suffered as a result of Ford's actions.

## DISPOSITION

The restitution order is affirmed.


_____

Siggins, J.


We concur:


_____

Pollak, Acting P.J.


_____

Jenkins, J.

5

Trial Court:                              Superior Court of the County of Sonoma


Trial Judge:                             Honorable Bradford DeMeo


Counsel for Appellant:                   Jane Gaskell
    William J. Ford                      ADRIAN & GALLENSON


Counsel for Respondent:                  Kamala D. Harris, Attorney General
                                         Dane R. Gillette, Chief Assistant
                                         Attorney General
                                         Gerald A. Engler, Senior Assistant
                                         Attorney General
                                         Seth K. Schalit, Supervising Deputy
                                         Attorney General
                                         Catherine Mcbrien, Deputy Attorney
                                         General