Filed 6/14/22

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079767 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. ECM003148) |
| DAVID ALBERTO ZUNIGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Christopher J. Plourd, Judge. Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Daniel Rogers, Christopher P. Beesley, and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

David Alberto Zuniga pled no contest to felony hit and run resulting in death or serious bodily injury. (Veh. Code, § 20001, subd. (b)(2).) On December 31, 2018, the court placed him on formal probation for three years.

The terms and conditions of probation included that Zuniga "pay restitution [to the victim] through the Probation Department in an amount and manner to be determined by the probation officer at a later date."

Effective January 1, 2021, two years into Zuniga's probation term, the Legislature enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill No. 1950), which amended Penal Code section 1203.1, subdivision (a),[1] by reducing the maximum felony probation term to two years, with certain exceptions not applicable here. In November 2021, the parties agreed that Zuniga was entitled to have his term of probation shortened to two years under Assembly Bill No. 1950. Accordingly, the court terminated Zuniga's probation nunc pro tunc to December 31, 2020.

When the court terminated Zuniga's probation, the probation officer still had not determined the amount of victim restitution, as contemplated in the original probation order. Zuniga then argued that the trial court lacked jurisdiction to set the amount of victim restitution because his probation had terminated. After soliciting briefing on the issue, the trial court disagreed with Zuniga and ordered direct restitution to the victim in the amount of $313,518.74.

Zuniga appeals from the restitution order. He contends that under section 1203.3, subdivision (a), the trial court lacked jurisdiction to "modify" the probation order by setting the amount of restitution after his probation had expired. We conclude that the trial court did not exceed its jurisdiction and affirm the order.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, Zuniga pled no contest to a single count of felony hit and run driving resulting in death or serious bodily injury. (Veh. Code, § 20001, subd. (b)(2).) On the plea form, Zuniga acknowledged his understanding that "I must pay <u>full restitution</u> to all victims." At the change of plea hearing, Zuniga again confirmed his understanding that "there will be restitution, that is, you'll be required to pay and reimburse the victims in the case according to direct and indirect losses. It could be loss of work, it could be medical expenses, therapy, things like that."

Before sentencing, the probation officer spoke to the victim. According to the probation report, she said "her car was totaled" in the collision and "she might not be able to work again . . . ." "Overall, she has suffered emotional and physical damage. She has a scar on her head, damaged nerves on her eyes, her cervical bone was damaged, her lower back (2 lumbar areas are grinding), and she has [a] lot of pain had has to take '[facet] block injections.' " She told the probation officer that her attorney was gathering documentation of her medical and therapy bills to submit for restitution. By the time of sentencing, however, the probation officer had not yet received this documentation. The probation officer told the victim "this officer would be recommending that restitution be reserved as she will be pending further treatment for her injuries." Accordingly, the probation officer recommended to the court that Zuniga's conditions of probation include that he "[p]ay restitution to the victim[] . . . through the Probation Department in an amount and manner to be determined by the probation officer at a later date."

At the sentencing hearing on December 31, 2018, the victim made another statement about the impact of the hit-and-run. She said that the

collision "hit [her] really bad," caused her to suffer a concussion, and resulted in injuries to her lower back and neck and "a lot of pain and suffering." She explained that she needed further medical treatment, she attends counseling, she can no longer drive or work, she has been harmed financially, and she suffers from depression.

Under the terms of the negotiated plea, the court placed Zuniga on three years formal probation.[2] The terms and conditions of probation included that Zuniga "pay restitution [to the victim] through the Probation Department in an amount and manner to be determined by the probation officer at a later date."

Two years later, effective January 1, 2021, the Legislature enacted Assembly Bill No. 1950, which amended section 1203.1, subdivision (a), by reducing the maximum felony probation term to two years, with certain exceptions not applicable here.

In April 2021, the victim contacted the probation officer and stated that she was requesting $242,086 in restitution for her medical bills. She did not provide any supporting documentation. The probation officer asked the court to schedule a restitution hearing. The court set the matter for a restitution hearing and requested an updated restitution report. The hearing was continued several times because Zuniga did not appear and his attorney was unable to contact him.

---

[2] The plea agreement and sentencing minute order reflect four years formal probation, but at the oral pronouncement of judgment, the trial court sentenced Zuniga to three years formal probation. When there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement of judgment normally controls. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) We need not resolve this discrepancy, however, because Zuniga's probation was terminated nunc pro tunc to December 31, 2020, and the issue is now moot.

4

In August and September 2021, the probation officer filed updated reports with copies of the victim's medical and other bills totaling $313,518.74.

In November 2021, the court held a hearing with Zuniga present by video. The parties agreed that under Assembly Bill No. 1950, Zuniga's probation had terminated by operation of law on December 31, 2020. Accordingly, the court found that "probation has expired nunc pro tunc to 12/31/2020." The court requested briefing on whether it still had jurisdiction to determine the restitution amount.

The parties filed briefs on the jurisdictional issue. Zuniga argued that the trial court lacked jurisdiction to modify the restitution order because his probation had expired.

At the final restitution hearing, the court ruled that it still had jurisdiction to determine the amount of victim restitution owed. The court reasoned that the victim had a constitutional right to restitution, which Zuniga had agreed to as part of his plea bargain, and the Legislature did not intend to deprive victims of their rights to restitution by enacting Assembly Bill No. 1950 and shortening the maximum term of felony probation.

The court ordered Zuniga to pay restitution to the victim in the amount of $313,518.74. Zuniga timely filed this appeal from the restitution order.

DISCUSSION

The sole issue on appeal is whether the trial court exceeded its jurisdiction by setting the amount of victim restitution after terminating

5

Zuniga's probation under Assembly Bill No. 1950.[3]  Because the material facts are undisputed, and the jurisdictional issue involves an interpretation of statutes, our review is de novo.  (See *Burke v. California Coastal Com.* (2008) 168 Cal.App.4th 1098, 1106.)  We conclude that because the trial court had imposed victim restitution as one of the original conditions of probation and deferred setting the amount until the victim's losses could be determined, it retained jurisdiction to fix the amount under section 1202.46. We further conclude that the court did not "revoke, modify, or change" the original probation order within the meaning of section 1203.3, subdivision (a), when it set the amount after Zuniga's probation expired.  Thus, the trial court did not exceed its jurisdiction.

"In 1982, California voters passed Proposition 8, also known as The Victims' Bill of Rights."  (*People v. Giordano* (2007) 42 Cal.4th 644, 652 (*Giordano*).)  "Proposition 8 established the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.' "  (*Ibid.*, quoting Cal. Const., art. I, § 28, subd. (b).)  "The initiative added article I, section 28, subdivision (b) to the California Constitution:  'It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they

---

[3]     On appeal, the parties do not dispute that Zuniga was entitled to the ameliorative benefit of Assembly Bill No. 1950 under *In re Estrada* (1965) 63 Cal.2d 740.  (See *People v. Sims* (2021) 59 Cal.App.5th 943, 964 [holding that two-year limitation on felony probation applied retroactively to all cases not yet final as of effective date of Assem. Bill No. 1950]; see also *People v. McKenzie* (2020) 9 Cal.5th 40, 46-48 [holding that order granting probation is not "final" judgment for *Estrada* purposes and probationer remains eligible to receive benefits of ameliorative changes in sentencing laws while still on probation].)

suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' " (*Ibid.*)

"California Constitution, article I, section 28, subdivision (b), which is not self-executing, directed the Legislature to adopt implementing legislation." (*Giordano, supra*, 42 Cal.4th at p. 652.) "In the mid-1990's, the Legislature consolidated much of the state's victim restitution scheme into Penal Code section 1202.4." (*Id.* at p. 653.) "[S]ection 1202.4 now requires restitution in every case, without respect to whether probation is granted." (*Ibid.*)

With certain exceptions not relevant here, section 1202.4, subdivision (f) provides in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.*" (Italics added.) Subdivision (a)(3)(B) further provides that such a victim restitution order "shall be enforceable as if the order were a civil judgment."

In this case, when the trial court granted probation to Zuniga, the amount of the victim's loss could not be ascertained. Thus, the trial court complied with section 1202.4, subdivision (f), by directing that Zuniga "pay restitution [to the victim] through the Probation Department in an amount and manner to be determined by the probation officer at a later date." Before the restitution amount could be determined, however, Zuniga's probation

7

term was reduced to two years and terminated early under Assembly Bill No. 1950.  Zuniga now argues that the expiration of his probation term deprived the trial court of jurisdiction to set the amount of victim restitution.  We disagree.

Section 1202.46 provides:  "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, *the court shall retain jurisdiction* over a person subject to a restitution order for purposes of imposing or modifying restitution *until such time as the losses may be determined*.  This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, *at any time*, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4."  (Italics added.)

Section 1202.46 is controlling here.  Under this statute, when the economic losses of the victim cannot be determined at sentencing under section 1202.4, subdivision (f), the court retains jurisdiction to fix the restitution amount "until such time as the losses may be determined." (§ 1202.46.)  In this case, the original probation order included a section 1202.4, subdivision (f) condition requiring payment of victim restitution in an amount to be determined later.  Zuniga does not dispute that the victim's economic losses could not be determined at the time of sentencing.  Thus, the trial court retained jurisdiction until such time as the restitution amount could be determined.  (See *People v. Bufford* (2007) 146 Cal.App.4th 966, 970-972 (*Bufford*) [holding that where trial court had imposed victim restitution order at sentencing, but deferred determining the amount under § 1202.4, subd. (f), it retained jurisdiction under § 1202.46 to determine the amount of restitution even after defendant had fully served her prison sentence].)  A

8

contrary result would defeat the victim's right to restitution and "frustrate the clear language of [California Constitution,] article I, section 28." (*Bufford*, at p. 971.)

Zuniga argues that *Bufford* does not apply to cases in which the defendant received a sentence of probation. He reasons that a separate probation statute allows a court to "revoke, modify, or change" a probation order only "during the term of probation." (§ 1203.3, subd. (a).) Under this statute, a trial court loses jurisdiction to revoke or modify a probation order after the probationary period has expired. (*In re Griffin* (1967) 67 Cal.2d 343, 346.) Zuniga cites several cases distinguishing *Bufford* and holding that, under section 1203.3, a trial court lacks jurisdiction to impose or increase a victim restitution order for the first time after termination of probation. (*People v. Waters* (2015) 241 Cal.App.4th 822, 829-831 (*Waters*); *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 771-783 (*Hilton*).)

We find these cases to be distinguishable. In *Waters*, the trial court failed to order the defendant to pay *any* victim restitution at sentencing; it imposed a victim restitution requirement for the first time after expiration of the defendant's probation. (*Waters*, *supra*, 241 Cal.App.4th at pp. 825-826.) The Court of Appeal concluded that by imposing a new victim restitution requirement, the trial court had modified the terms of its original probation order after probation had expired, in violation of section 1203.3, subdivision (a). (*Waters*, at pp. 829-831.)

In *Hilton*, the trial court ordered victim restitution as a condition of probation, with the amount to be determined at a restitution hearing. At the original restitution hearing, the court ordered the defendant to pay $3,215 in victim restitution. (*Hilton*, *supra*, 239 Cal.App.4th at p. 769.) After the defendant's probation expired, however, the trial court ruled that it had

9

jurisdiction to modify the restitution amount in response to the victim's motion seeking more than $886,000 in additional restitution. (*Id.* at p. 770.) In reversing, the Court of Appeal ruled that the victim was effectively seeking an order modifying the terms of defendant's probation to require additional restitution after his term of probation had already expired, in violation of section 1203.3, subdivision (a). (*Hilton*, at pp.776-777.)

This case does not present analogous circumstances. The trial court did not order payment of victim restitution for the first time after Zuniga's probation expired (as in *Waters*), nor did it increase the amount of a previously determined restitution award (as in *Hilton*).[4] Here, payment of victim restitution in an amount to be determined later was already a condition of the original probation order, and the court merely fixed the amount once it could be determined after Zuniga's probation expired. Because the original probation order itself contemplated that the restitution amount would be determined later, the court did not modify the order or impose any new condition by setting the amount once it could be determined by the probation officer. On the contrary, the trial court was merely carrying out the terms of the original probation order. Thus, we conclude that the trial court did not "revoke, modify, or change" the original probation order within the meaning of section 1203.3.

_____

[4]    *Hilton* itself recognized this factual distinction when it observed that, in that case, "losses not only might have been determined but were in fact determined" by the trial court before expiration of the probationary term. (*Hilton*, *supra*, 239 Cal.App.4th at p. 782.) To the extent other portions of the opinion might be read to suggest a broader holding, we are not persuaded that merely deciding the exact *amount* of restitution that could not previously be determined, but which the defendant had already been ordered to pay, constitutes "revok[ing], modify[ing], or chang[ing]" a prior probation order. (§ 1203.3, subd. (a).)

10

We acknowledge that because Zuniga's probation has expired, the trial court would not have jurisdiction to revoke his probation for failure to pay the victim restitution award.  (§ 1203.3, subd. (a).)  But revocation of probation is not the only remedy for nonpayment.  Section 1202.4 provides that a victim restitution order "shall be enforceable as if the order were a civil judgment." (§ 1202.4, subd. (a)(3)(B).)  Under this statute, which implements the right to restitution in article I, section 28, subdivision (b) of the California Constitution, the victim may enforce the order of restitution against Zuniga as if it were a civil judgment.

Finally, as the trial court concluded, there is no indication in the language or legislative history of Assembly Bill No. 1950 that the Legislature intended to cut off a victim's right to restitution in cases where the trial court had already ordered it as a condition of probation and reserved the amount for future determination under section 1202.4, subdivision (f), but had not yet determined the amount when the defendant's probation was shortened and terminated early as a result of the new legislation.  On the contrary, when the Legislature amended section 1203.1, subdivision (a) to reduce the maximum felony probation term to two years, it left intact other provisions of the same Penal Code section requiring victim restitution under section 1202.4.  (§ 1203.1, subds. (a)(3), (b).)  We infer that the Legislature did not intend to interfere with a crime victim's right to restitution under preexisting law when it shortened the maximum term of felony probation.

We therefore conclude that the trial court did not exceed its jurisdiction by determining the amount of victim restitution after Zuniga's probation expired as a result of Assembly Bill No. 1950.

11

## DISPOSITION

The restitution order of December 3, 2021 is affirmed.

BUCHANAN, J.

WE CONCUR:

IRION, Acting P. J.

DATO, J.