Filed 9/10/24  P. v. Casillas CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>SALVADOR CASILLAS, JR.<br>    Defendant and Appellant. | A169929<br><br>(Solano County<br>Super. Ct. No. FCR345030) |

Defendant Salvador Casillas appeals from a trial court order ordering him to pay an additional $2,375 in restitution to the California Victims Compensation Board.  Casillas's appellate counsel filed a brief asking this court to independently review the record for arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Casillas was informed of his right to file supplemental briefing and has not done so.

Finding no errors or other issues requiring further briefing, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

As we stated in our opinion affirming the underlying judgment of conviction (*People v. Salvador Casillas, Jr.* (Jan. 19, 2022, A162338) [nonpub. opn.]):  "Defendant was charged with two felony counts of stalking (Pen. Code,[1] § 646.9, subd. (b)), 18 misdemeanor counts of disobeying a domestic

---

[1] "All [undesignated] statutory references are to the Penal Code."

1

relations court order (§ 273.6, subd. (a)), two misdemeanor counts of making annoying phone calls (§ 653m, subd. (b)), and one misdemeanor count of battery (§ 243, subd. (e)(1)). The alleged victim was his former girlfriend, G.K.

"Defendant entered a plea of no contest to one count of felony stalking, with a maximum sentence of four years in state prison.[2] The remaining counts were dismissed with a [*People v.*] *Harvey* [(1979) 25 Cal. 3d 754] waiver, and no promises were made as to the sentence."

At the sentencing on February 26, 2021, probation was denied. Defendant was sentenced to the midterm of three years in state prison. At that time, the court reserved jurisdiction over restitution.

On March 26, 2021, Casillas filed a notice of appeal challenging his sentence.

On July 28, 2021, the trial court held a hearing on restitution at which Casillas (then in state prison) was present via Zoom. Casillas's counsel stated, "I have had an opportunity to review the release[3] documents, and then have a phone call with Mr. Casillas, and we are prepared to submit on

---

[2] "There were two felony counts of stalking. Count 1 alleged that between April 7 through April 23, 2019, defendant 'did willfully, maliciously, and repeatedly follow and did willfully and maliciously harass G.K., and made a credible threat with the intent that she be placed in reasonable fear for her safety and the safety of her immediate family,' and that defendant was 'subject to a temporary restraining order, injunction and other court order prohibiting the above described behavior against G.K.' Count 2 alleged the same conduct, but for the earlier period between March 1, 2019 and April 6, 2019, and when there was no court order."

[3] It is not clear what is meant by "release" documents or whether this is a typographical error. In context, the only topic of the hearing was restitution and the reference to "release" was made in connection with counsel's review of documents submitted by the California Victim Compensation Board.

the request for additional—well, for restitution. *I did discuss with Mr. Casillas that, at least the documentation that we received, appears to exceed the amount that is currently requested. So I have explained to him that we may have a future added request. It does look like the Cal. Victim Compensation Board granted some additional payments as well as denied others*." (Italics added.)

The court asked the prosecutor whether she was "requesting in your motion here $2,286 to be ordered to be paid in restitution," to which she replied, "Yes, your honor. And I am covering for Ms. Self, so I was unaware there was a different amount. But that's the motion that I have in front of me."

The court responded, "So what I'm going to do, having reserved jurisdiction to order restitution in Mr. Casillas' case, is I'll now order $2,286 in restitution, payable to the California Victim Compensation Board, pursuant to your request."

Casillas's counsel noted that "some of the restitution was incurred after the sentencing date." The court also stated that "I remember in reviewing those records that there was—this was spread over time, and it wouldn't necessarily just date back to the sentencing."

On November 20, 2023, the prosecution filed a "Motion for Court Order Regarding Restitution," to "set the amount of restitution in this case to reimburse the California Victim Compensation Board [(CalVCB)] in the amount of $4,661.00." The motion stated that "Since the original order of restitution, CalVCB has continued to provide services to the victim. The dollar amount of services provided to the victim increased by $2,375.00. CalVCB is now making an updated claim for restitution in the total amount of $4,661.00 for mental health and relocation benefits paid to or on behalf of

3

the victim G.M.K." The motion attached as exhibit 1 an "Updated Restitution Request" from CalVCB directed to the district attorney, dated November 3, 2023.[4]

The motion for court order regarding restitution stated, "The court retains jurisdiction to modify [a] previously issued 'to be determined' order to make a specific order of restitution when the victim losses became known. Further, the court may update an earlier order if the amount of loss changes. Penal Code section 1202.46 states in pertinent part: [¶] '. . . [w]hen the economic losses of a victim cannot be ascertained at the time of the sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4.' " (Bolding omitted.)

The motion for court order regarding restitution cited *People v. Bufford* (2007) 146 Cal.App.4th 966, 971, for the proposition that under section 1202.4, subdivision (f), " 'if the court cannot determine the amount of

---

[4] The Updated Restitution Request from the CalVCB stated in part, "The following victim(s) has/have filed claims with the Victim Compensation Board. Pursuant to Penal Code section 1202.4 et seq. and Welfare and Institutions Code section 730.6 et seq., the following restitution should be requested and ordered and made payable to the Victim Compensation Board. *The amount reflected below is the total order amount and includes all previous amounts requested.*" It then listed a claimant identified as "G.M.K." and described the type of benefit as "Mental Health & Relocation." As we have noted, G.M.K. is the victim of Casillas's felony stalking in this case.

restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the permissible reasons that may prevent fixing the amount of restitution.' "

The motion for court order regarding restitution was noticed for November 29, 2023. The court minutes show that on December 6, 2023, the hearing was subsequently set by the court for January 29, 2024 to allow defendant any response to the request.

Defendant filed an opposition arguing that the court did not have jurisdiction to order or modify restitution because he had completed his state prison sentence in February 2022 and his post release community supervision (PRCS) period was successfully terminated in February 2023. Defendant also argued that there was nothing in the record showing that the economic losses of the victims could not be ascertained at the time of sentencing or when the court ordered restitution in the amount of $2,286 on July 28, 2021.

On January 29, 2024, the court (Honorable Jeffrey C. Kauffman) held a hearing on the motion for restitution. The district attorney argued that the court retained jurisdiction under sections 1202.4 and 1202.46 to modify restitution when the victim's economic losses could not be ascertained at the time of sentencing, and that the court had jurisdiction in this case.

Casillas's attorney agreed that these sections "do stand for the position that if the victim's losses cannot be ascertained, the Court would retain jurisdiction. However, that was later addressed after the initial sentencing date in this case in July of—July 29 [sic], 2021."

The court determined that it had jurisdiction to order additional restitution. Defense counsel asked for a hearing on the amounts at issue; the hearing was set for February 26, 2024.

5

The further hearing on restitution was heard by Judge William Pendergast on February 26. The court declined to revisit Judge Kaufmann's ruling on jurisdiction. The district attorney offered in evidence about 40 pages of documentary evidence with a statement of certification from CalVCB supporting the request for restitution.[5] The district attorney explained that $375 of the restitution request was to reimburse CalVCB for additional mental health payments it had made on specific dates in April and May 2021. The district attorney noted that when the People filed their first restitution motion, it was based on a request from CalVCB dated March 30, 2021. This additional increment of $375 had not been included in the July 28, 2021 order of restitution, although the amounts had already been paid to the victim. The district attorney also explained that there was "documentation supporting $2000 in relocation expenses" to the victim. The district attorney was thus seeking a total of $2,375 in additional restitution. Adding that to the amount already ordered, the total restitution owed by Casillas would be $4,661 to be paid as reimbursement to the CalVCB.

Casillas's counsel argued that he should not be required to reimburse CalCVB for the $375 in additional mental health expenses to the victim because it "should have been requested" at the time of the hearing in July 2021. As for the $2,000 in victim relocation expenses, Casillas's counsel argued that the "date associated with or the date as requested was July 1st of 2022," and that the expenses should have been sought earlier. Casillas's

---

[5] The trial court overruled defense counsel's objection on hearsay grounds to the admission of this packet of records; the district attorney cited section 1203.1, subdivision (d), which provides that documentary evidence of the type offered "shall not be excluded as hearsay" in determining the amount of restitution. The district attorney's evidence, identified as People's Exhibit 1, is not included in the record before us.

6

counsel noted that as of February 2023, Casillas had completed serving his period of imprisonment and PRCS. Casillas's attorney said by waiting to make the motion for restitution until November 2023, "the D.A. has forfeited the right to modify the restitution."

The trial court stated, "I don't find there had been any evidence to shake the Court's confidence in the figures reported in People's Exhibit 1 and so I will award the 375 additional dollars paid by California Victims Compensation Board for mental health, the additional $2000 for relocation expenses, so it's an additional $2375 in restitution. [¶] The prior order of $2286 remains in full force and effect. When you combine those two, it creates a new grand total of $4661 in restitution due and payable."

The trial court issued an Amended Order for Victim Restitution stating that Casillas was convicted of a crime that entitles the victim to restitution, that evidence was presented the victim suffered losses as a result of the defendant's conduct, that defendant was informed of his right to a judicial determination of the amount of restitution and on July 28, 2021, a hearing was conducted, an order and amended abstract issued, that on November 20, 2023, the district attorney's office filed a motion for court order requesting additional restitution be ordered, and on February 26, 2024, a hearing was conducted. It was ordered that Casillas pay restitution to the CalVCB in "the original ordered amount of $2,286.00 plus an additional $2,375.00 for a total of $4,661.00."

## DISCUSSION

We have reviewed the record on appeal for any arguable issues and find no errors or other issues requiring further briefing.

The restitution imposed appears to be authorized by law.

7

We conclude there are no arguable issues within the meaning of *People v. Wende, supra,* 25 Cal.3d 436.

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Desautels, J.


A169929, *People v. Casillas*