Filed 5/7/25  P. v. Eaton CA6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL SHANE EATON,<br><br>　　　Defendant and Appellant. | H050146<br>(Santa Cruz County<br>Super. Ct. No. 18CR07956) |

This case is before us for a second time, after transfer from the California Supreme Court for reconsideration in light of that court's opinion in *People v. McCune* (2024) 16 Cal.5th 980 (*McCune*).  Defendant Michael Shane Eaton challenges an order for victim restitution fixing the amount only after his probation had expired.  After we filed our original opinion affirming the order, the California Supreme Court granted review but deferred briefing pending its decision in *McCune*.  Having considered *McCune* and entertained further briefing and argument, will again affirm the order.

## I.    TRIAL COURT PROCEEDINGS

Defendant was charged with felony vandalism (Pen. Code § 594, subd. (a); unspecified statutory references are to the Penal Code) and misdemeanor obstructing a peace officer (§ 148, subd. (a)(1)) based on damaging the doors of a parked vehicle.  (We omit the details of the offense as they are not relevant to the analysis and disposition of the appeal.)  After he admitted the vandalism charge, the court suspended imposition of sentence and placed defendant on formal probation for three years commencing in

February 2019.  As a term of probation, the court ordered defendant to pay restitution to the vandalism victim in an amount to be determined later.

The court found defendant to be in violation of probation in May 2019, December 2019, and December 2020.  In each instance, probation was reinstated and the court set a new projected probation termination date.  Defendant was also twice found incompetent. Criminal proceedings were suspended in July 2019 and resumed in October 2019; they were again suspended in April 2021 and resumed in December 2021 after commitment and treatment at the Department of State Hospitals.  The following month, defendant admitted a violation of probation based on a new conviction; the court reinstated probation and credited defendant with 272 days in custody.  At the same hearing, the court reduced the term of probation to two years based on Assembly Bill No. 1950 (2019–2020 Reg. Sess. [amending former section 1203.1, subdivision (a) to reduce the maximum felony probation term to two years, with certain exceptions not applicable here]), and the parties acknowledged that the probation department would calculate the new expiration date.

On March 17, 2022, the prosecution filed a request to calendar the case for a restitution hearing, which the court set for May 9.  On March 28 the prosecution notified defendant in writing of the May 9 restitution hearing.  Attached to the notice was the victim's restitution request form dated March 29, 2021 along with supporting documentation, including a January 2019 estimate from an auto body shop for repairs to the victim's vehicle.

Counsel appeared at the hearing on May 9, 2022, and the court continued the matter to determine if probation had expired. At the next hearing on May 26 the probation officer informed the court that defendant's probation expired on March 23, 2022, per Assembly Bill No. 1950.  The court then requested briefing on whether it had jurisdiction to determine the restitution amount, given that defendant's probation had expired two months earlier.

2

At the final hearing on June 20, 2022, the court granted the request to set restitution: "Given that restitution was ordered originally as a condition of probation, given that the People made the request during the term of probation, given that it's no longer a condition of probation, but it is an order of the Court and an authorized order of the Court under Penal Code Section 1202.46, I do think it is appropriate at this point to set the amount at this time, despite the fact that probation has technically expired." The court ordered defendant to pay victim restitution in the amount of $5,458.71.

## II.   DISCUSSION

Defendant argued in his opening brief that under section 1202.46, the trial court lacked jurisdiction to set the restitution amount because his probationary term had expired and the amount of loss could have been determined before probation ended. The Attorney General noted in response that a sentence omitting full restitution is invalid under the California Constitution, and argued the court did not exceed its jurisdiction according to Penal Code sections 1202.4 and 1202.46. We reviewed the issue de novo in our initial opinion and will do so again here, as it presents a question of statutory interpretation and the material facts are undisputed. (See *Burke v. California Coastal Com.* (2008) 168 Cal.App.4th 1098, 1106.)

Section 1202.4, subdivision (f) states: "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." (§ 1202.4, subd. (f).) Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4." (§ 1202.46.)

3

Both the trial court's restitution order and our initial opinion affirming that order relied on *People v. Zuniga* (2022) 79 Cal.App.5th 870 (*Zuniga*), where the appellate court rejected a challenge to victim restitution set after the expiration of probation. Zuniga had received a grant of three years' formal probation, which included the condition to pay restitution in an amount to be determined by the probation officer. (*Id.* at p. 873.) After Assembly Bill No. 1950 went into effect, the trial court reduced Zuniga's probationary term to two years and terminated probation nunc pro tunc as of December 31, 2020. There was no dispute that Zuniga's probation terminated before the amount of restitution was determined. After the victim contacted the probation department in April 2021 to request restitution, the probation officer filed reports with the court in August and September 2021 showing the victim's loss totaling $313,518.74 in medical expenses due to the hit-and-run incident underlying Zuniga's conviction. (*Ibid.*) The trial court ruled that it retained jurisdiction to determine the amount of restitution, and it ordered Zuniga to pay the full amount requested. (*Id.* at p. 874.)

Our previous opinion also relied on *People v. Bufford* (2007) 146 Cal.App.4th 966, 971 (*Bufford*), which states (regarding a restitution order made after the defendant had served her entire prison sentence): "Under a reading of the plain language of section 1202.4, if the court cannot determine the amount of restitution at the time of sentencing, there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the permissible reasons that may prevent fixing the amount of restitution." *Bufford* was not challenged in *McCune*, and the Supreme Court held that trial courts may likewise retain jurisdiction in probation cases notwithstanding section 1203.3, "which limits a trial court's jurisdiction to modify an order of probation to the duration of the probation term." (*McCune*, *supra*, 16 Cal.5th at pp. 990–991.)

In *McCune*, the trial court suspended imposition of sentence and granted five years' formal probation with a condition to pay restitution in an amount to be determined by the probation officer and the court. (*McCune*, *supra*, 16 Cal.5th at pp. 985–986.) On

4

December 31, 2020, the day before Assembly Bill No. 1950 took effect (and after McCune had served over two years of his probationary term), the probation department filed a report stating a loss of $30,166.23. (*Ibid.*) McCune's shortened probation terminated two weeks after the probation officer's report was filed, and the prosecution moved for a restitution hearing one week after termination. (*Ibid.*)

McCune did not argue in the Supreme Court that the victim's "losses were in fact ascertainable at sentencing, nor … that the court's jurisdiction lapsed due to delay in fixing restitution after such a time as the losses may have been determined." (*Id.* at p. 998, fn. 4.) The court thus had no occasion to decide the issue of timeliness presented here. (*Ibid.*) The court noted, however, that "[t]o the extent the issue might arise in the future," its "holding that section 1203.3 does not set a strict statutory deadline for specifying the amount of victim restitution does not mean that there are no timing limitations at all. The statutory framework permits a trial court to retain jurisdiction to fix the restitution amount only if losses 'cannot be ascertained at the time of sentencing,' and only 'until such time as the losses may be determined.' (§ 1202.46.) This timing requirement must be understood against the backdrop of a constitutional scheme designed to ensure that victims of crime are fully compensated for their losses, an imperative that suggests compensation must be made without needless delay." (*McCune*, *supra*, 16 Cal.5th at pp. 1000–1001.)

Both parties have filed supplemental briefs addressing *McCune* and its effect on this case. Relying on the Supreme Court's observation that post-probation restitution orders are not free of timing limitations, as well as the discussion in a concurring opinion of what those limitations should be, defendant argues the trial court did not timely fix the restitution amount in this case and therefore lost jurisdiction to do so when defendant's probation ended. The Attorney General contends defendant forfeited any timeliness argument by not raising it in the trial court or in his opening brief on appeal, and alternatively that the argument is meritless.

5

We reject the Attorney General's assertion of forfeiture. We recognize that "the expiration of a probationary period does not terminate a court's fundamental jurisdiction" and a defendant may be precluded from challenging a court's *statutory* jurisdiction on appeal "because of waiver, estoppel, or the passage of time." (*People v. Ford* (2015) 61 Cal.4th 282, 287.) But here, unlike in *Ford*, defendant did not consent to extension of the trial court's statutory jurisdiction. At a hearing requested by the prosecution days before defendant's probation ended, defense counsel specifically argued the prosecution had not timely sought a restitution hearing. Counsel argued the prosecution "came to court too late with their request"; "dropped the ball" by not making the request in April 2021 when it "already had the materials at hand"; "didn't bring a restitution request" in January 2022 upon being notified that defendant's probation would end shortly thereafter; and "sat on the request for a whole year." In his opening brief on appeal, defendant again argued the trial court had lost its statutory jurisdiction to fix the amount of restitution once defendant's probation ended—specifically because the proper amount was ascertainable well before then. While inevitably not identical to the arguments he makes in light of *McCune*, defendant's arguments in the trial court and his opening brief were more than adequate to preserve the issue of timeliness for our review.

Reevaluating defendant's timeliness argument with the benefit of *McCune*'s guidance, we again find it unpersuasive on this record. This case resembles *McCune* and *Zuniga* in that defendant's probationary term was shortened by Assembly Bill No. 1950. (Cf. *McCune*, *supra*, 16 Cal.5th at p. 986 [Assembly Bill No. 1950 shortened McCune's probationary term from five years to "approximately two and a half years"]; *Zuniga*, *supra*, 79 Cal.App.5th at pp. 871–872 [Assembly Bill No. 1950 took effect two years into three-year probationary term, ending probation one year early].) The prosecution requested a restitution hearing before the shortened probationary term ended, and we conclude the restitution request was not so untimely as to deprive the court of jurisdiction to rule on it. (Cf. *McCune*, at pp. 986, 1001 [no "concerns about unfair surprise as a

6

result of protracted or unwarranted delays" where prosecution "promptly moved for a restitution hearing" one week after probation was terminated early and court "set the amount of victim restitution not long thereafter"].)

In reaching our conclusion, we acknowledge the Supreme Court's concern that "if a court has the power to set an amount of restitution even after probation has expired, the result may be to 'tether probationers to the criminal justice system indefinitely.' " (*McCune*, *supra*, 16 Cal.5th at p. 1000.) But that concern is not implicated here, as the prosecution requested a restitution hearing while defendant was still on probation and the amount of restitution was set less than three months after his probationary term ended. The Supreme Court reinforced in *McCune* that the governing law "must be understood against the backdrop of a constitutional scheme designed to ensure that victims of crime are fully compensated for their losses," and that a court's statutory jurisdiction to fix the amount of restitution may extend beyond the end of a probationary term under circumstances not raising "concerns about unfair surprise as a result of protracted or unwarranted delays." (*Id.* at p. 1001; see Cal. Const., art. I, § 28, subd. (b)(13)(B); *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1750–1752 [a sentence is invalid where the court fails to order restitution to the victim].)

*McCune* was only recently decided, and its analysis of the interplay between the various relevant statutes may lead to different outcomes under different scenarios. We do not consider whether a different outcome might be required if, for example, defendant's probationary term had not been shortened by intervening legislation, or the prosecution had not requested a restitution hearing until after the probationary term ended. Given the Supreme Court's guidance in *McCune* and the constitutional mandate that full restitution be ordered in every case, we conclude only that the trial court did not exceed its statutory jurisdiction under the circumstances presented here.

## III.   DISPOSITION

The June 20, 2022 order for payment of victim restitution in a specified amount is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.


H050146
*People v. Eaton*